UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

OSVALDO SOUFFRONT, JEFFRY SOUFFRONT, and other similarly situated individuals,

        Plaintiffs,

v.

INCLAN PAINTING & WATERPROOFING, CORP., LUIS INCLAN, and BABAR INCLAN,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs OSVALDO SOUFFRONT and JEFFRY SOUFFRONT (collectively, "Plaintiffs") and other similarly situated individuals sue defendants INCLAN PAINTING & WATERPROOFING, CORP., LUIS INCLAN and BABAR INCLAN (collectively, "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages and retaliatory discharge under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

### VENUE

3. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

1

4. INCLAN PAINTING & WATERPROOFING, CORP. (the "Corporate Defendant") and LUIS INCLAN and BABAR INCLAN (collectively, the "Individual Defendants"), are a Florida company and Florida residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiffs worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, reside in Miami-Dade County, Florida.

### COUNT I: WAGE AND HOUR VIOLATION BY INCLAN PAINTING & WATERPROOFING, CORP. (OVERTIME)

5. Plaintiffs re-adopt each factual allegation as stated in paragraphs 1-4 above as if set out in full herein.

6. This action is brought by Plaintiffs and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and

2

solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8.   By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a construction company and, through its business activity, affects interstate commerce. The Plaintiffs' work for the Corporate Defendant likewise always affects and affected interstate commerce. Plaintiffs were employed by the Corporate Defendant as a painters for the Corporate Defendant's business.

## OSVALDO SOUFFRONT

9.   While employed by the Corporate Defendant, Plaintiff OSVALDO SOUFFRONT ("Osvaldo") worked approximately an average of 55 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Osvaldo was employed as a painter performing the same or similar duties as that of those other similarly situated painter(s) whom Osvaldo observed working in excess of 40 hours per week without overtime compensation.

10. Osvaldo worked for the Corporate Defendant from approximately 03/28/2014 to 12/17/2018. In total, Osvaldo worked approximately 138 compensable weeks under the Act, or 138 compensable weeks if counted 3 years back from the date of the filing of the instant action.

11. The Corporate Defendant paid Osvaldo on average approximately $15.63 per hour.

12. However, the Corporate Defendant did not properly compensate Osvaldo for hours that Osvaldo worked in excess of 40 per week. Specifically, the Corporate Defendant paid Osvaldo $15.63 for all hours worked, but not at the overtime rate when Osvaldo worked more than 40 hours per week. Thus, Osvaldo is owed half time for each hour worked in excess of 40 per week.

13. Osvaldo seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

14. Prior to the completion of discovery and to the best of Osvaldo's knowledge, at the time of the filing of this Complaint, Osvaldo's good faith estimate of his unpaid overtime wages is as follows:

   a. **Actual Damages: $16,143.56**
      i. <u>Calculation</u>: $15.63 (hourly pay) x .5 (overtime rate) x 15 (approximate number of overtime hours) x 138 (compensable weeks) = $16,143.56
   b. **Liquidated Damages:** $16,143.56
   c. **Total Damages: $32,287.11** plus reasonable attorneys' fees and costs of suit.

<u>JEFFRY SOUFFRONT</u>

15. While employed by the Corporate Defendant, Plaintiff JEFFRY SOUFFRONT ("Jeffry") worked approximately an average of 55 hours per week without being compensated at

the rate of not less than one- and one-half times the regular rate at which he was employed. Jeffry was employed as a painter performing the same or similar duties as that of those other similarly situated painter(s) whom Jeffry observed working in excess of 40 hours per week without overtime compensation.

16. Jeffry worked for the Corporate Defendant from approximately 2015 to 12/17/2018. In total, Jeffry worked approximately 138 compensable weeks under the Act, or 138 compensable weeks if counted 3 years back from the date of the filing of the instant action.

17. The Corporate Defendant paid Jeffry on average approximately $15.63 per hour.

18. However, the Corporate Defendant did not properly compensate Jeffry for hours that Jeffry worked in excess of 40 per week. Specifically, the Corporate Defendant paid Jeffry $15.63 for all hours worked, but not at the overtime rate when Jeffry worked more than 40 hours per week. Thus, Jeffry is owed half time for each hour worked in excess of 40 per week.

19. Jeffry seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

20. Prior to the completion of discovery and to the best of Jeffry's knowledge, at the time of the filing of this Complaint, Jeffry's good faith estimate of unpaid overtime wages is as follows:

  a. **Actual Damages: $16,143.56**

      ii. <u>Calculation</u>: $15.63 (hourly pay) x .5 (overtime rate) x 15 (approximate number of overtime hours) x 138 (compensable weeks) = $16,143.56

  b. **Liquidated Damages:** $16,143.56

  c. **Total Damages: $32,287.11** plus reasonable attorneys' fees and costs of suit.

21. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

22. The Corporate Defendant knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiffs and those similarly situated these overtime wages since the commencement of Plaintiffs' and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiffs and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

23. The Corporate Defendant willfully and intentionally refused to pay Plaintiffs overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

24. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and other similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY LUIS INCLAN and by BABAR INCLAN (OVERTIME)

25. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. At the times mentioned, the Individual Defendants were, and are now, the owners and/or officers of the Corporate Defendant. The Individual Defendants were employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that these defendants acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiffs and others similarly situated. The Individual Defendants had operational control of the Corporate Defendant, were involved in the day-to-day functions of the Corporate Defendant, provided Plaintiffs with their work schedule, and are jointly liable for Plaintiffs' damages.

27. The Individual Defendants are and were, at all times relevant, persons in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

28. The Individual Defendants willfully and intentionally caused Plaintiffs not to receive overtime compensation as required by the laws of the United States as set forth above and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

29. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiffs and others similarly situated and against the Individual Defendants on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III:
### FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)

## **RETALIATORY DISCHARGE AGAINST the CORPORATE DEFENDANT and AGAINST LUIS INCLAN**

30.     Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 29 above as if set out in full herein.

31.     Defendants willfully and intentionally refused to pay Plaintiffs their legally owed overtime wages as required by the laws of the United States and remain owing Plaintiff these wages as set forth above.

32.     29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

33.     Plaintiffs complained about unpaid wages to the Defendants on multiple occasions up until the time of their termination.

34.     Specifically, Osvaldo complained about his unpaid overtime and about not being paid at all (not even his minimum wages) from mid November 2018 through December 2018. Similarly, Jeffry complained about not being paid at all (not even his minimum wages) from mid November 2018 through December 2018.

35.     In response, on or about December 17, 2018, the Individual Defendant LUIS INCLAN and the Corporate Defendant discharged Osvaldo and constructively discharged Jeffry[1] (Jeffry quit because he could not afford to work for free).

36.     The motivating factors, which caused Plaintiffs' discharge as described above, were the complaints seeking the payment of overtime/minimum wages from the Defendants. In

---

[1] Luis Inclan and the Corporate Defendant gave Jeffry two checks to supposedly pay for his work of November and December of 2018. The checks had no funds.

9

other words, Plaintiffs would not have been fired but for their complaints about unpaid overtime/minimum wages.

37.     Individual Defendant LUIS INCLAN's and Corporate Defendant's termination of Plaintiffs was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiffs have been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests that this Honorable Court:

A. Enter a judgment against INCLAN PAINTING & WATERPROOFING, CORP. and against LUIS INCLAN for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting INCLAN PAINTING & WATERPROOFING, CORP. and LUIS INCLAN from discriminating in the manner described above, emotional distress and humiliation, pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: 05/21/2019.

Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC

10

20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549