UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-22044-CIV-COOKE/GOODMAN

OSVALDO SOUFFRONT, et al.,

      Plaintiffs,

v.

INCLAN PAINTING &
WATERPROOFING CORP., et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFFS'
## MOTION FOR FINAL JUDGMENT AND ATTORNEY'S FEES

Plaintiffs Osvaldo Souffront and Jeffry Souffront filed a motion for entry of a final judgment and for attorney's fees due to Defendants' failure to make the installment payments required under the terms of the settlement agreement. [ECF No. 44]. Defendants filed a response in opposition [ECF No. 49], and Plaintiffs filed a reply [ECF No. 50]. United States District Judge Marcia G. Cooke referred the motion to the Undersigned. [ECF No. 48].

As explained below, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiffs' motion for final judgment against Defendants in the amount of $31,999.99 (to bear interest at the statutory rate from the date of the default judgment) and find that Plaintiffs are entitled to attorney's fees incurred in enforcing the settlement

agreement.

## I.      Background

On May 21, 2019, Plaintiffs filed a complaint against Defendants to recover money damages for unpaid wages and retaliatory discharge. [ECF No. 1]. On November 19, 2019, the parties mediated the case and reached an agreement. [ECF No. 31]. On May 4, 2020, Judge Cooke granted Plaintiffs' motion for approval of the settlement agreement, approved the settlement agreement, and dismissed the case with prejudice. [ECF No. 43]. The Court retained jurisdiction to enforce the terms of the settlement agreement. *Id.* at p. 2.

Specifically, the Settlement Agreement provided that in exchange for Plaintiffs' release and waiver of all claims against Defendants, Defendants agreed to pay a gross settlement value of $25,000. [ECF No. 33-1, p. 2]. The settlement agreement provided that the $25,000 would be made in six monthly installments beginning on December 1, 2019. *Id.* at pp. 3-4. Additionally, the settlement agreement provided that the payments "shall remain in trust until such time as the Court approves this Agreement," and that the payments would not be disbursed prior to the Court's approval of this Agreement. *Id.*

Further, the settlement agreement provides the following:

**2.4 Default Remedies**. In the event Defendants fail to make timely payment as set forth in paragraph 2.3 of this Agreement, Defendants shall have a THREE (3) business day cure period, which shall be triggered by written notice of breach by Plaintiffs' counsel to Daniel R. Vega, Esq. via email at DVega@TEVTlaw.com. In the event Defendants fail to timely cure breach (either to Plaintiffs or to their attorneys), Plaintiffs and their attorneys may

proceed with taking a Final Judgment against Defendants jointly and severally in the amount of FIFTY THOUSAND DOLLARS ($50,000), less payments received. The prevailing party in enforcing or defending against the breach of this Agreement shall be entitled to their reasonable attorneys' fees and costs as well as for post judgment attorneys' fees and costs.

*Id.* at p. 5.

According to Plaintiffs, on May 21, 2020, Plaintiffs formally notified counsel for Defendants, Daniel Vega, that Plaintiffs did not receive payment as set forth in Paragraph 2.3 of the settlement agreement. [ECF No. 44, p. 7]. On May 29, 2020, Plaintiffs filed the motion for entry of final judgment because they still had not received the payments required under the settlement agreement.

According to Plaintiffs, Defendants took the position that "all the payment dates were thrown off by the Court not approving the settlement agreement until [May 4, 2020]." [ECF No. 44, p. 4]. But Plaintiffs acknowledged that they had received the first installment in the amount of $4,500. *Id.* at p. 7, n. 2.

Plaintiffs argue in their motion that they are entitled to $50,000 pursuant to the default remedies contained in the settlement agreement. *Id.* at p. 6. Further, pursuant to the settlement agreement terms, Plaintiffs argue they are entitled to their attorney's fees incurred enforcing the settlement agreement. *Id.*

According to Defendants, as soon as the settlement was approved by Judge Cooke, they notified Plaintiffs that they intended on making the $4,500 monthly payments on the 16th of every month. [ECF No. 49, p. 3]. But Plaintiffs insisted upon a single lump sum

payment of $25,000. *Id.* Defendants say they could not pay the lump sum and that the intention of the settlement agreement was to allow Defendants to make monthly payments. Further, Defendants argue that Plaintiffs waived any claim of default by accepting Defendants' payment. Defendants argued that instead of entering a $50,000 judgment against Defendants and awarding attorney's fees, the Court "should order the Defendants to continue to make monthly payments pursuant to the intended monthly payment plan upon which the parties have agreed." *Id.* at p. 4.

Plaintiffs argue in their reply that any acceptance of the settlement payments was done under protest, which was made clear to Defendants through Plaintiffs' counsel's correspondence and the filing of the motion for entry of judgment. [ECF No. 50]. Further, Plaintiffs point out that Defendants provide no authority in support of their waiver argument. *Id.*

Due to the fact that Defendants represented that they would make additional installment payments, the Undersigned required Plaintiffs to file notices on CM/ECF advising the Court whether Defendants made any further installment payments. [ECF Nos. 52-58]. As of December 13, 2020, Defendants reported that they had paid $18,000.01 to Plaintiffs and that the last two installment payments totaling $6,999.99 were still owed. [ECF No. 55]. Defendants stated that they would make the remaining payments on December 27, 2020 and January 27, 2021. *Id.* at p. 1. However, Plaintiffs reported that, as of February 4, 2021, the $6,999.99 had not been paid. [ECF No. 58].

## II.    Applicable Legal Standards and Analysis

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." *Schwartz v. Florida Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987). Under Florida law, "settlements are highly favored and will be enforced whenever possible." *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1318 (11th Cir. 2014) (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)). And as with any contract, the Undersigned must enforce the plain meaning of the settlement agreement's unambiguous provisions. *See F.W.F., Inc. v. Detroit Diesel Corp.*, 308 F. App'x. 389, 393 (11th Cir. 2009).

Here, Defendants have failed to make all the installment payments required under the settlement agreement. All of the payments were made late and two installment payments have not been paid at all.[1] As a result, the plain text of the settlement agreement requires that the Court enter a final default judgment against Defendants, jointly and severally, in the total amount of $50,000, less any payments made.

Similar default provisions have been withheld where the defendant failed to pay all or some installments pursuant to an FLSA settlement agreement. *See, e.g., Porras v. Lehman Realty Mgmt., LLC*, No. 09-81039-CIV, 2010 WL 4279456, at *1-2 (S.D. Fla. Oct. 22, 2010) (enforcing $42,000 default judgment provision in FLSA settlement agreement for

---

[1]    Plaintiffs filed a notice on CM/ECF stating that Defendants have not made the last two installments [ECF No. 58], and Defendants have not filed any type of objection or response to this representation.

defendants' failure to pay installments of $18,000 settlement); *Ocasio v. Foods of S. Fla.,*

*Inc.,* No. 15-21797-CIV, 2018 WL 1859331, at *1-2 (S.D. Fla. Mar. 15, 2018) (enforcing

$60,000 default judgment provision in settlement agreement for defendants' failure to

pay last two installments of $45,000 amount); *Llanes et al v. Webeco Foods, Inc.,* No. 14-cv-

23320-JAL, ECF No. 33, p. 2 (enforcing a $60,000 default provision in settlement

agreement for defendants' failure to timely pay installments of $45,000 settlement

amount in FLSA case).[2]

Additionally, pursuant to the settlement agreement, "the prevailing party in

enforcing or defending against the breach of this Agreement shall be entitled to their

reasonable attorneys' fees and costs as well as for post judgment attorneys' fees and

costs." [ECF No. 33-1, p. 5]. Here, it is clear that Defendants breached the settlement

agreement through their late payments and failure to pay the last two installment

payments. Thus, Plaintiffs are the prevailing party in enforcing the terms of the settlement

agreement and are entitled to reasonable attorney's fees and costs.

Plaintiffs have attached their attorneys' fee invoices to their motion for entry of

judgment. However, the amount of reasonable fees incurred enforcing the settlement

agreement has not been adequately briefed. The Undersigned recommends that Plaintiffs

---

[2]      Defendants have not asserted that the $50,000 default remedy is an invalid
liquidated damages penalty and the Court therefore has no reason to address it. Further,
Defendants never asserted any objection to Plaintiffs' motion to approve the settlement
agreement (which was attached to the motion and contained the $50k default provision).
[ECF No. 33-1, p. 5].

file a separate motion for attorney's fees as to the reasonableness of the amount, with a supporting memorandum of law, discussing the experience of the attorneys, the reasonableness of the hourly rates, billing judgment, and other factors used in the analysis.

### III.     Conclusion

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **grant** Plaintiffs' motion to enter a default judgment against Defendants in the amount of **$31,999.99** (to bear interest at the statutory rate from the date of the default judgment) and find that Plaintiffs are entitled to attorney's fees incurred enforcing the settlement agreement.

### IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Marcia G. Cooke. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140,

149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

       **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on

February 9, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

<u>**Copies furnished to**</u>:
The Honorable Marcia G. Cooke
All Counsel of Record